FILED'08 SEP 22 14:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LEAH N. HANSON,                          Civ. No. 08-6045-AA

        Plaintiff,                       OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

Kathryn Tassinari
Brent Wells
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
      Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Brittania I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
      Attorneys for defendant


1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her application for Supplemental Social Security Income (SSI) disability benefits under Title XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed.

<u>BACKGROUND</u>

On September 23, 2005, plaintiff filed an application for SSI due to attention deficit hyperactivity disorder (ADHD), lymphadema, and fetal alcohol syndrome. Tr. 95-99, 106. Her application was denied initially and upon reconsideration. Tr. 66-68, 71-75. After timely requesting a hearing, plaintiff, her mother, and a vocational expert appeared and testified before an administrative law judge (ALJ) on July 12, 2007. Tr. 22-60, 63-65. On September 28, 2007, the ALJ found that plaintiff was not disabled within the meaning of the Act because plaintiff's residual functional capacity (RFC) enabled her to perform a significant number of jobs in the national economy. Tr. 13-21. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. Tr. 5-7. Plaintiff now seeks judicial review.

Plaintiff was 25 years old at the time of the ALJ's decision.

Tr. 95.   She obtained a high school diploma after attending both regular and special education classes.   Tr. 25, 116.   She also completed two quarters of community college.   Tr. 26-27, 207.   She has not been employed.   Tr. 106.   Plaintiff alleges disability since June 1, 1995 due to lymphedema, ADHD and fetal alcohol syndrome.   Tr. 106.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).   Substantial evidence is "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).   The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).   To meet this burden, a claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 15; 20 C.F.R. §§ 416.920(b).

At step two, the ALJ found that plaintiff has "the following severe impairments: lymphedema of the lower extremities, dysthymic disorder, possible attention deficit disorder hyperactivity disorder (ADHD), and personality disorder with dependent features."  Tr. 15; 20 C.F.R. § 416.920(c).

At step three, the ALJ found that plaintiff does not have an "impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 15; 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

At step four, the ALJ evaluates the claimant's RFC and determines whether the claimant can perform past relevant work.  20 C.F.R. § 416.920(e)-(f).  Here, the ALJ found that plaintiff had no past relevant work, therefore the transferability of job skills was not an issue.  Tr. 20.  With respect to RFC, the ALJ found that

plaintiff has the ability to perform a limited range of light work.
Tr. 16, 19.   Specifically, the ALJ found that plaintiff retained
the RFC to lift and carry 20 pounds occasionally and ten pounds
frequently, and stand and/or walk for 40 minutes at a time.   Tr.
16.   The ALJ also found that for a total of at least two hours per
eight-hour work day, plaintiff can walk a distance of one-half mile
at a time and sit essentially unrestricted, with the occasional
opportunity to change position, perhaps once an hour. Tr. 16.   The
ALJ further stated that plaintiff is unable to follow complex
instructions, unable to maintain unwavering attention on detailed
material, and unable to work in a position of trust, such as
independently handling other people's funds.   Tr. 16.   The ALJ
found that plaintiff is able to interact well with others, but if
the task is something other than primarily interacting with others,
she would need to be in relative isolation.   Tr. 16.   Because
plaintiff had no past relevant work, the ALJ proceeded to step
five.

      At step five, the Commissioner bears the burden to establish
that the claimant is capable of performing other work that exists
in significant numbers in the national economy. <u>Yuckert</u>, 482 U.S.
at 141-42; 20 C.F.R. § 416.920(g).   Considering plaintiff's age,
education, and RFC, the ALJ found that there are a significant
amount of jobs in the national economy that plaintiff can perform.
Tr. 20. Relying on the testimony of the vocational expert, the ALJ

found that plaintiff is able to perform the requirements of
representative occupations, and unskilled, sedentary exertional
work activity. Tr. 20. Specifically, the ALJ found that plaintiff
is able to perform work as a sorter, patcher, and order clerk (food
and beverage). Tr. 20. Therefore, the ALJ found that plaintiff is
not disabled within the meaning of the Act. Tr. 21.

DISCUSSION

Plaintiff asks the court to reverse the ALJ's decision for the
immediate payment of benefits, or, in the alternative to remand the
case for further proceedings. Plaintiff argues that the ALJ
incorrectly determined plaintiff's RFC by failing to give clear and
convincing reasons for disregarding portions of Dr. Truhn's
opinion; failing to credit the opinion that plaintiff needs to
elevate her leg; and failing to properly consider lay evidence.
Plaintiff also argues that the ALJ did not meet his burden of
proving that plaintiff retains the ability to perform other work in
the national economy.

A. Residual Functional Capacity

The ALJ is responsible for determining plaintiff's RFC. 20
C.F.R. § 416.920(e); Social Security Ruling (SSR) 96-5p, available
at 1996 WL 374183. The claimant's RFC is an assessment of work-
related activities the claimant may still perform on a regular and
continuing basis, despite limitations imposed by her impairments.
20 C.F.R. § 416.920(e); SSR 96-8p, available at 1996 WL 374184.

When determining the RFC, the ALJ must consider the whole record and explain the weight given to medical evidence and testimony. SSR 96-5p.  This court will affirm the ALJ's RFC decision if the ALJ applied the proper legal standard and the decision is supported by substantial evidence.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

    1.  Dr. Truhn's Report

    Plaintiff argues that the ALJ failed to give clear and convincing reasons for not including all of the limitations opined by Dr. Truhn, an examining psychologist, in determining plaintiff's RFC.  Plaintiff argues that the ALJ erred when he ruled that check-box limitations indicated by Dr. Truhn on a mental residual functional capacity form were not supported by Dr. Truhn's examination notes.  Tr. 18-19.

    During his examination Dr. Truhn noted that plaintiff had no difficulty following simple instructions.  Tr. 210.  However, Dr. Truhn noted on the check-box evaluation that plaintiff was limited in her ability to follow simple instructions.  Tr. 213.  Dr. Truhn's examination notes also stated that plaintiff worked at an adequate pace; however, Dr. Truhn marked on the check-box evaluation that plaintiff was limited in her ability to perform activities within a schedule, sustain an ordinary routine, and perform at a consistent pace.  Tr. 209, 210, 213 (boxes 7,8 & 11). The ALJ disregarded Dr. Truhn's checklist notations stating that

they were inexplicable and "do not relate at all to the examination results."    Tr.  19.    Plaintiff  argues  that  despite  these contradictions,  there  are  specific  notations  from  Dr.  Truhn's report that support his conclusions.

The ALJ's finding that Dr. Truhn gave contradictory responses on the check-box form provides clear and convincing reasons to disregard the notations.    Contradictions between a physician's opinion of plaintiff's abilities and the physician's notes and observations "is a clear and convincing reason for not relying on the doctor's opinion." Bayliss, 427 F.3d at 1216.  Furthermore, determining that an opinion is contradicted by the same physician's notes, observations and opinions, is "a permissible determination within the ALJ's province." Id.  Even if specific instances of plaintiff's  behavior  could  support  Dr.  Truhn's  check-box conclusions, it is within the ALJ's province to resolve conflicts in the evidence, and this court may not substitute its judgment. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  Thus, I find that the ALJ's reasons for disregarding portions of Dr. Truhn's conclusions are clear and convincing, and his decision is supported by substantial evidence. Bayliss, 427 F.3d at 1217.

2.  Elevation of Plaintiff's Leg

Next, plaintiff argues that the ALJ erred by rejecting the opinion of Dr. Vail that plaintiff would need accommodation to elevate her right leg four to five times a day. Tr. 17, 200.  Dr.

Nolan, an examining physician, had reported that plaintiff "may need some accommodation for right leg elevation." Tr. 202. Dr. Vail, plaintiff's treating physician, opined that Dr. Nolan's elevation assessment was reasonable, but that leg elevation was not a functional limitation. Tr. 327. Plaintiff argues that because Dr. Vail found that leg elevation was a reasonable accommodation, the ALJ erred by failing to include it in plaintiff's RFC assessment. I disagree.

The ALJ noted that Dr. Vail, plaintiff's primary physician, believed she had no functional limitation based on leg elevation. Tr. 17, 18, 327. Further, the ALJ cited Dr. Nolan's statement that plaintiff had other options to relieve the swelling in her leg, such as Ace wraps and other compressive therapies. Tr. 18, 202. In fact, Dr. Nolan reported that he had "difficulty accepting a conclusion that there are no options available to her regarding compressive therapy for that leg to control swelling/alleged discomfort." Tr. 202. Contrary to plaintiff's assertion, the ALJ did not discredit the opinion of Dr. Nolan or Dr. Vail. Consistent with Dr. Nolan's opinion, the ALJ included limitations resulting from her lymphadema. Tr. 16. For instance, the ALJ included standing, walking, and sitting restrictions in his RFC assessment. Tr. 16, 202.

In sum, I find that the ALJ properly evaluated Dr. Nolan's and Dr. Vail's opinions. As noted by the ALJ, Dr. Nolan identified

other therapies to control the lymphadema in plaintiff's right leg.
Tr. 18, 202.  Furthermore, the ALJ accurately noted that Dr. Vail
found no functional limitations from her leg regarding her ability
to work.  Tr. 17, 327.  Because Dr. Vail did not believe that
plaintiff's lymphadema caused any functional limitations, the ALJ
was not required to include it in the RFC.  Also, the ALJ did not
give Dr. Nolan's leg elevation assessment significant weight,
because Dr. Nolan relied primarily on information provided by
plaintiff, whom the ALJ found to lack credibility.  Tr. 17-18, 200.
Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).
Notably, plaintiff does not challenge the ALJ's credibility
determination.  Therefore, I find that the ALJ did not err in
excluding leg elevation when assessing plaintiff's RFC.

    3.  Lay Witness Evidence

    Plaintiff further argues that the ALJ did not credit the lay
testimony and questionnaire of plaintiff's mother, Arlys Hanson,
and gave no reasons for failing to do so.  Ms. Hanson wrote that
plaintiff often took naps during the day and had to keep her leg
elevated, and that she needed to be reminded to brush her hair, use
soap when bathing, and take her pills.  Tr. 131-32.  Ms. Hanson
reported that plaintiff needed to be reminded to finish cleaning,
often forgot ingredients when she cooked and did not like to work
alone.  Tr. 132.  Ms. Hanson stated that plaintiff stayed in her
pajamas all day and was very defensive when receiving criticism.

Tr. 131, 133, 136.   Ms. Hanson testified that plaintiff is impulsive, "kind of depressed," watches a lot of television and steals.   Tr. 42-44.   Plaintiff argues that the ALJ failed to provide sufficient reasons to disregard each example given by Ms. Hanson.

The ALJ has a duty to consider lay witness testimony.   <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001).   The ALJ must consider lay testimony regarding a plaintiff's symptoms, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."   <u>Id.</u> at 511.   The ALJ may not reject such testimony without comment, <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996), but he may reject lay testimony inconsistent with the medical evidence.   <u>Lewis</u>, 236 F.3d at 512. Furthermore, to the extent that lay witness statements do not explain how plaintiff's impairments impact her ability to work, the ALJ does not need to discuss such statements.   <u>Stout v. Com'm</u>, 454 F.3d 1050, 1053 (9th Cir. 2006).

The ALJ discussed some of Ms. Hanson's statements and included limitations in the RFC consistent with her testimony and written report.   Tr. 17.   The ALJ noted that Ms. Hanson described plaintiff as forgetful and as having a short attention span.   Tr. 17.   The ALJ limited plaintiff's RFC to work that did not involve complex instructions or unwavering attention, and that allowed plaintiff to isolate from distractions when not interacting with others.   Tr.

16.  Ms. Hanson also described plaintiff's inability to handle finances, and the ALJ restricted plaintiff from positions of trust, such as handling funds.  Tr. 16, 17.  Ms. Hanson also testified that her daughter was fired from a vineyard because she could not keep her mind on the job and would leave her post to talk to co-workers.  Tr. 45-47.  The ALJ noted that if the task is something other than primarily interacting with others, plaintiff would need to be in relative isolation.  Tr. 16.

I find that the ALJ upheld his duty to consider the testimony of Ms. Hanson.  Portions of Ms. Hanson's testimony were limited to what she saw and was told by plaintiff, and plaintiff's testimony was found to be not credible by the ALJ.  Further, I find that those statements that the ALJ did not expressly disregard are not relevant to plaintiff's ability to work.  Stout, 454 F.3d at 1053. Finally, to the extent that Ms. Hanson's statements are inconsistent with the objective medical evidence, the ALJ was not required to expressly reject them.  Lewis, 236 F.3d at 512.  Thus, I find that the ALJ gave germane reasons for determining that Ms. Hanson's testimony carried less weight than the medical opinions in determining the extent of plaintiff disability.  The ALJ's RFC finding was supported by substantial evidence.

B.  Performance of Other Work in the National Economy

Plaintiff argues that the vocational expert's (VE) testimony does not meet the Commissioner's burden to prove that plaintiff's

RFC allows her to perform other work.

In order for the testimony of a VE to be considered reliable, the hypothetical question posed must include "all of the claimant's functional limitations, both physical and mental" supported by the record. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). The ALJ is free to reject restrictions in a hypothetical question that are not supported by substantial evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Plaintiff first argues that according to Dr. Nolan and Dr. Vail's conclusions, plaintiff must elevate her leg occasionally. The ALJ presented plaintiff's limitations to the VE but did not include the need to elevate her leg. Tr. 20, 51. The VE determined that plaintiff could work as a sorter, patcher, and order clerk. Tr. 20, 52. The VE testified that none of the jobs she identified would allow plaintiff to elevate her leg. Tr. 54, 57. For reasons stated above, the ALJ properly disregarded the possibility that plaintiff may have to elevate her leg. He was free to reject this restriction in the hypothetical, because it was not supported by substantial evidence. Osenbrock, 240 F.3d at 1163-5.

Second, plaintiff argues that during the administrative hearing, the VE gave an equivocal answer when she was asked to address the cumulative effect of the numerous moderate limitations

identified by Dr. Truhn.  Tr. 55-56.  She testified that "it could present a problem but I don't know that it would."  Tr. 57. Because plaintiff found the VE's response equivocal, she sought the opinion of a second VE, Mr. MacLeod.  Tr. 182-186.  Mr. MacLeod found that based on the limitations noted by Dr. Truhn, plaintiff would not be able to work in a competitive environment.  Tr. 184. Plaintiff argues that the ALJ should have considered the opinion of Mr. MacLeod.

The ALJ found that Mr. MacLeod's opinion was not helpful because it was based on a limited set of facts and did not assess the whole record or specify what limitations were considered.  Tr. 19.  I find that the ALJ did not err in disregarding Mr. MacLeod's opinion, because it was based on an RFC and vocational limitations that were properly rejected by the ALJ.  Osenbrock, 240 F.3d at 1163.  Therefore, the ALJ's step five finding was based on substantial evidence.

For the reasons established above, I find that the Commissioner met his burden to prove that plaintiff retains the ability to perform other work in the national economy.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this _____ day of September, 2008.

_____
Ann Aiken
United States District Judge